LISARDO MARQUEZ AND ELISEO DIAZ, PROSECUTORS, v. DOMENICO BOVERO, DEFENDANT.

Argued February 18, 1925—Decided February 19, 1925.

In an action brought under section 97 of the District Court act (*Comp. Stat., p.* 1985) for a forcible detainer of lands, tenements, &c., it is incumbent for the trial judge, if he find in favor of the plaintiff, to give a judgment of restitution as provided by section 103 of the act, and a general judgment in favor of the plaintiff and against the defendants, is erroneous.

*101 N. J. L.*                Marquez v. Bovero.

On *certiorari.*

Before Justice KALISCH, sitting under the statute.

For the prosecutors, *Braelow & Tepper* (*Edward F. Murphy,* of counsel).

For the defendant, *Joseph A. F. Freda.*

The opinion of the court was delivered by

KALISCH, J.   The plaintiff brought an action in the Second District Court of the city of Newark, ostensibly to recover the possession of certain premises occupied by the defendant.

The complainat bears the caption, "Complaint for Forcible Detainer." It recites that the plaintiff is the owner of the premises, and that the defendant entered into the possession of the second and third floors of the building, and have held and kept the possession of said floors unlawfully and with force and strong hand, with weapons and by violence, and with terrifying words spoken by the defendants, exciting in the plaintiff fear and apprehension of danger, and still hold and keep possession of the premises unlawfully as said, "whereby the defendants are guilty of a forcible detainer of the premises."

The case was tried by the court, sitting with a jury.   At the close of the entire case, counsel of plaintiff moved for a direction of a verdict against the defendants, which motion was granted.   The judgment entered upon the directed verdict, as appears by the record, is "judgment is therefore entered in favor of the plaintiff and against the defendant."

Fourteen reasons are presented on the *certiorari,* sued out by the prosecutor, why the proceedings and judgment of the the court below should be set aside.

These reasons are argued in the brief of counsel of prosecutor under seven points.

The facts, as disclosed by the record, succinctly stated, are these: Domenico Bovero was the owner of certain premises.

On August 29th, 1923, he leased the same to Florentino Velasco for the term of two years, from the 1st day of September, 1923. Later, with the consent of his landlord, Velasco assigned the lease to Jose Otero. The assignment contained the clause, "subject, nevertheless, to the rents, covenants, conditions and provisions therein also mentioned." The consent of the landlord endorsed on the lease is as follows: "I, Domenico Bovero, the within-named lessor, do hereby consent to the assignment of the within lease unto Jose Otero. (Signed) Domenico Bovero."

Subsequently, Otero, without obtaining the consent of Bovero, assigned the lease to the prosecutors. Thereupon this action was brought to recover possession of the premises.

Subdivision 117c, section 3, of the District Court act (2 *Comp. Stat., p.* 1991), provides: "If any person or persons shall enter, and without the consent of the owner thereof, or his agent, or attorney thereunto lawfully authorized, and without color of title, take possession of any lands, tenements or hereditaments, and shall willfully and without force hold or detain such lands, tenements or hereditaments after demand and notice, in writing, given for the delivery of the possession thereof by the owner, or the person to whom the remainder or reversion of such lands, tenements or hereditaments shall belong, his agent or attorney, thereunto lawfully authorized, then such person or persons so holding or detaining such lands, tenements or hereditaments, shall be guilty of an unlawful detainer."

The theory upon which the action was brought, as disclosed by the complaint, is that there was a forcible detainer. The complaint in this respect is not substantiated by the testimony.

Counsel of complainant in opening stated his case to the jury to be as follows: "This case is the assignment of a lease from a certain Domenico Bovero, the owner of premises 77 Ferry street. The lease is for two floors—the second and third floors—to a tenant by the name of Florento Valesco, and there was a covenant in the lease against assignment except with the consent of the landlord. A few months later

there was an assignment of the lease with the consent of the landlord to a man by the name of Otero, and in the lease, among other things, the assignment was made, nevertheless, subject to the terms therein, there being a restriction in the lease against said assignment. This man Otero, without the consent of the landlord, assigned the lease to these two men, and the landlord holds that they are in unlawful possession. We are bringing this suit to get possession of the premises."

A motion made by counsel on behalf of the prosecutors for a nonsuit upon the ground that the action was based upon a complaint, charging them with a forcible entry and unlawful detainer, whereas it is now sought to proceed against the prosecutors for an unlawful detainer only. The trial judge denied the motion for a nonsuit upon the ground that the facts set out in the complaint charged sufficiently an unlawful detainer under the section of the statute, *supra.*

It is clear that the complaint is based on the ninety-seventh section of the District Court act (2 *Comp. Stat., p.* 1985), which section provides: "No person who shall *lawfully* or *peaceably* enter upon or into any lands, tenements or other possessions, shall hold or keep the same unlawfully and with force, or strong hand, or weapons, or violence, or menaces, or terrifying words, circumstances or actions aforesaid; and it is hereby declared that whatever words or circumstances, conduct or actions will make an entry forcible under this act, shall also make a detainer forcible." The summons issued upon the complaint was for a forcible detainer.

It is equally clear that the complaint cannot be properly supported by section 117c, *supra,* for that section contemplates a case where, among other things, possession is held willfully and without force after demand and notice in writing, and no such fact is set out in the complaint in the instant case.

Sections 100, 101, 102, 103 and 104 of the District Court act set forth the method of procedure where the proceeding is for a forcible or an unlawful detainer. So that, even if it is held that the motion for a nonsuit was properly refused, it is quite evident from the record that the statutory proceed-

ings and requirements in actions for unlawful detainer was wholly ignored.

The trial judge directed the jury to find a verdict for the plaintiff, and upon the verdict so directed he gave a general judgment in favor of the plaintiff and against the defendants.

This was erroneous. It was incumbent upon the trial court, under section 103 of the District Court act, where the statutory proceedings is pointed out, to give a judgment of restitution. The failure to give a judgment of restitution is error. *Funkhauser* v. *Colloty*, 67 *N. J. L.* 132, where the cases on the subject are collated.

Having reached the conclusion that the judgment below must be reversed for the reasons stated, the question, discussed in the briefs, as to whether or not the prosecutors were in lawful possession of the premises by virtue of the assignment to them by the assignee of the lease, to whom it had been originally assigned by the original lessee, with the consent of his landlord, has not been considered.

Judgment is reversed.